Fred **GILLIGAN**; Van **Hardesty**,
Plaintiffs–Appellants,

v.

**CITY OF EMPORIA, KANSAS,**
Defendant–Appellee.

League of Kansas Municipalities,
Amicus Curiae.

No. 92–3217.

United States Court of Appeals,
Tenth Circuit.

Feb. 19, 1993.

Daniel J. Markowitz and Michele I. Carroll of McDowell, Rice & Smith, Kansas City, MO, for plaintiffs-appellants.

Stanley E. Craven of Spencer Fane Britt & Browne, Kansas City, MO and Dale W. Bell of Helbert, Bell & Smith, Chartered, Emporia, KS, for defendant-appellee.

James M. Kaup of Gilmore & Bell, Topeka, KS, for amicus curiae League of Kansas Municipalities.

Before ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.

EBEL, Circuit Judge.

Plaintiffs Gilligan and Hardesty brought a declaratory judgment action in the district court, seeking a ruling that mandatory "on-call" time which they spent in their employment with the City of Emporia, Kansas (the City), constituted compensable work hours under the Fair Labor Standards Act (FLSA) and that they were therefore entitled to overtime compensation pursuant to 29 U.S.C. § 207 (section 7 of the FLSA).[1] The parties filed cross motions for summary judgment, and the district court granted the City's motion, finding that plaintiffs were not entitled to overtime compensation for mandatory on-call hours. Plaintiffs appeal the district court's grant of the City's motion and the denial of their own motion.

Plaintiffs Gilligan and Hardesty are employed by the City in the water and sewer departments, respectively. In addition to their regular work hours and as a condition of their employment, plaintiffs are both required to be available to work on-call for certain time periods. Gilligan is claiming entitlement to overtime compensation for his on-call time from February 14, 1988, through February 5, 1989. During that period, Gilligan's city job required that he perform on-call duty, with risk of discipline and legal action for failure to comply. The City supplied him with a pocket-size belt pager, and he was required to be accessible through the pager at all times while on call. Further on-call conditions imposed on Gilligan were that he was required to respond to a call within one hour and consumption of alcohol was prohibited. The requirement of accessibility through the pager dictated that Gilligan stay within the geographical limits of the pager, or leave a telephone number where he could be reached. Gilligan testified that he believed he was restricted to staying within the Emporia city limits. Aside from these literal requirements and prohibitions, Gilligan was prohibited from participating in certain activities which would keep him from hearing his beeper, and he avoided paid-entrance activities from which he could be called away, as well as certain other activities from which the risk of being called away made him uncomfortable or fearful. Gilligan also believed that he was required to use a city vehicle to respond to calls, but could not use the vehicle for personal reasons, which further inhibited his on-call time. He was allowed to trade on-call time with other employees, with prior supervisor approval.

Hardesty, like Gilligan, was given a small pager, so that he was not required to be by a telephone at all times. The conditions placed upon Hardesty were as follows: (1) he must respond to a call within thirty minutes; (2) he could not consume alcoholic beverages; (3) he was subject to discipline for failure to respond to a call; and (4) he was required to stay within the limits of his pager, or leave a telephone number where he could be reached but, like Gilligan, Hardesty believed he was restricted to the city limits. Aside from these express conditions, Hardesty was prohibited from pursuing activities which would prevent him from hearing his pager. He also had reservations similar to Gilligan's about participating in certain activities from which he could be called away.

---

* Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

We review the district court's grant or denial of summary judgment de novo. *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). We apply the same legal standard as the district court, and we view the evidence in the light most favorable to the party opposing the motion. If there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law, summary judgment is appropriate. *Id.;* Fed.R.Civ.P. 56(c).

■ This court has followed the Supreme Court's lead in stating that

the test for whether an employee's time constitutes working time is whether the 'time is spent predominantly for the employer's benefit or for the employee's.' *Armour & Co. v. Wantock,* 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944). That test requires consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on-call time, and all surrounding circumstances. *Skidmore v. Swift & Co.,* 323 U.S. 134, 137, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944).

*Boehm v. Kansas City Power & Light Co.,* 868 F.2d 1182, 1185 (10th Cir.1989). In addition, regulations promulgated by the Department of Labor lend insight into the determination of what constitutes compensable time. The regulations provide that on-call time is compensable if the employee is required to remain on the employer's premises, 29 C.F.R. § 785.17, and if on-call time spent off the premises is so restricted that the employee cannot use the time effectively for personal pursuits, 29 C.F.R. § 553.221(d). " '[R]esolution of the matter involve[s] determining the degree to which the employee could engage in personal activity while subject to being called.' " *Renfro v. City of Emporia,* 948 F.2d 1529, 1537 (10th Cir.1991) (quoting *Norton v. Worthen Van Serv., Inc.,* 839 F.2d 653, 655 (10th Cir.1988)), *cert. dismissed,* — U.S. ——, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992). "Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged." *Skidmore,* 323 U.S. at 137, 65 S.Ct. at 163.

Plaintiffs argue that this case is controlled by our decision in *Renfro.* We disagree. In *Renfro,* we held that the district court did not err in determining that the plaintiff firefighters were entitled to compensation under the FLSA while on call. *Renfro,* 948 F.2d at 1538. The firefighters, although not required to remain on the premises while on call, were required to report within twenty minutes of being called back and were called back an average of three to five times a day. *Id.* at 1537. The frequency of the call backs in that case was a pivotal factor in our determination that the firefighters' on-call time was compensable. *Id.* at 1537–38. Likewise, we noted in *Renfro* that the frequency of call backs was the factor which the *Renfro* district court cited as distinguishing that case from other cases which had previously held that on-call time was not compensable. *Id.* at 1532–33. In contrast, plaintiffs in this case were called back to duty on average less than one time per day. Obviously, these plaintiffs have significantly less interference with personal pursuits than did the firefighters in *Renfro,* simply by virtue of the lower frequency at which they were called back. Further, Gilligan was given one hour to respond to a call, and Hardesty was required to respond within thirty minutes. The longer response time given these plaintiffs means that their personal time is less restricted while on call, yet another distinction from *Renfro.*

This court has held in three prior cases that time spent on-call is not compensable as overtime. *See Armitage v. City of Emporia,* 982 F.2d 430 at 432 (10th Cir.1992); *Boehm,* 868 F.2d at 1185; *Norton v. Worthen Van Serv., Inc.,* 839 F.2d 653, 656 (10th Cir.1988). In each of those cases, as in the case before us, restrictions on the employee's on-call time were not so burdensome as to render it time predominantly spent for the benefit of the employer.

In *Armitage,* police detectives "were allowed to do as they pleased while on call, as long as they remained sober, could be

reached by beeper and were able to report to duty within twenty minutes of responding to the page." *Armitage*, 982 F.2d at 432. In addition, the detectives were called in on average less than two times a week. *Id.* Given those facts, we held that the on-call time did not prohibit the detectives from personal pursuits and that, "to require compensation under these facts would require that all on call employees be paid for standby time," which would be a major change in the FLSA law. *Id.* We declined to make such a requirement in that case, and we decline to do so in this factually similar case.

In *Boehm*, the plaintiffs were free to leave the company premises and to use their on-call time as they pleased, so long as they could be reached and report for work one-third of the time they were called. *Boehm*, 868 F.2d at 1185. We held in that case that "although plaintiffs spent some time at home that they otherwise would not have spent because of the company's on-call policy," the time was not spent predominantly for the employer's benefit. *Id.* Similarly, the employees in *Norton* were not required to remain on the employer's premises, but were allowed to pursue personal activities, with the restriction that they be accessible by phone or pager. *Norton*, 839 F.2d at 655–66. We acknowledged in *Norton* that even though on-call time required restrictions on the employees' personal time, the restrictions were not so great as to constitute working time. *Id.* at 656.

The case before us is factually similar to *Armitage*, *Boehm*, and *Norton*, and we believe that those cases control our decision in this case. Even though plaintiffs' activities may be somewhat restricted while they are on call, the restrictions are not so prohibitive that it can be said that their on-call time is spent predominantly for the employer's benefit. In addition, plaintiffs are free to pursue personal activities with little interference while waiting to be called. Consequently, we hold that, under the facts of this case, plaintiffs' personal pursuits are not restricted to such a degree as to require that plaintiffs' on-call time be compensated as overtime under the FLSA.

As an alternative holding, the district court concluded that Gilligan's claim for overtime compensation was barred by the statute of limitations. "Ordinary violations of the FLSA are subject to the general 2–year statute of limitations. To obtain the benefit of the 3–year exception, the [employee] must prove that the employer's conduct was willful...." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 1682, 100 L.Ed.2d 115 (1988). To constitute willful conduct, the employer must either know or show reckless disregard for whether its conduct was prohibited by the statute. *Id.* at 133, 108 S.Ct. at 1681. Gilligan has not met his burden of showing that the City's conduct in refusing overtime compensation for on-call time was willful. In fact, we have reviewed the record and he did not present any evidence whatsoever to the district court of the City's willfulness. Therefore, Gilligan's claims for overtime compensation are governed by the two-year limitations period; the district court was correct in its determination that his claim is barred.

The judgment of the United States District Court for the District of Kansas is, therefore, AFFIRMED.