**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

EARL K. PRIDDY,

     Plaintiff-Appellant,

v.

CITY OF KIOWA,

     Defendant-Appellee.

No. 97-3023
(D.C.No. 95-CV-1410)
(D. Kansas)

_____

**ORDER AND JUDGMENT***
_____

Before **PORFILIO** and **EBEL**, Circuit Judges, and **BRETT**,** District Judge.

_____

This is an appeal from the order and judgment of the United States Magistrate Judge granting the motion for summary judgment pursuant to Fed.R.Civ.P. 56 of Defendant, City of Kiowa. The parties consented to the Magistrate Judge presiding under 28 U.S.C. § 636(c)(1).

_____

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

** Honorable Thomas R. Brett, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

Plaintiff-Appellant, Earl K. Priddy ("Priddy"), brought this action under the Fair Labor Standards Act, 21 U.S.C. § 201, et seq., ("FLSA"), alleging the Defendant-Appellee, City of Kiowa, violated the Act in failing to pay him compensation for weekend on-call time.[1] Our jurisdiction is based on 28 U.S.C. § 1291. For the reasons hereinafter expressed, the trial court is affirmed.

## Background

The record reveals the following uncontroverted material facts.

The City of Kiowa is a small town having a population of approximately 1,150 people. In October 1987, Priddy inquired of the City of Kiowa administrator, Carol Bloodworth ("Bloodworth"), about the city's open employment position of line superintendent. After interviewing with Bloodworth and also with the city utility board, Priddy accepted the position. In one of the interview sessions Priddy was told what his wages would be and that he would be on standby seven days a week, 365 days out of the year. At no time before being hired or afterward was Priddy told or was it agreed he would

---

[1] Priddy also asserted a pendent state law claim of breach of implied contract that the City of Kiowa violated its rules and regulations entitling him to on-call compensation. However, Priddy abandoned this claim at the oral argument on March 17, 1998. Although Priddy asserted that he was still pursuing a breach of an express contract cause of action on appeal based on the City's December 11, 1989 agreement to pay him "for four hours at regular pay for every weekend that he has been on call and will be on call until the new lineman, Pat Deaver, is trained," Priddy did not raise any express contract claim on summary judgment before the trial court. Further, Priddy testified in his deposition that in practice he was paid more than he was entitled to under this arrangement. (Aplt. App. 80-81; Plf. Dep. at 122-123). Thus, the only claim on appeal is that under the FLSA.

be paid one-half times the regular rate of pay for hours spent on call.

Priddy was provided a copy of the City of Kiowa's personnel handbook at the commencement of his employment on November 1, 1987. Nothing in the handbook pertained to on-call time. Regarding overtime the handbook provided:

> "Overtime work shall be paid at one and one-half times the employee's regular rate of pay." (App. at 84).
> * * *
> "No employee shall be permitted to work in excess of 40 hours or a normal tour of duty except when an emergency exists or overtime is necessary to carry out essential services of the city as determined by the City Administrator." (App. at 84).
> * * *
> "Compensation for authorized overtime work shall be at the rate of one and one-half times the employee's regular rate of pay. Overtime compensation shall be paid not later than the first payday following the pay period in which it was earned. At the discretion of the city administrator an employee may be given compensatory time off in lieu of cash payments for the overtime worked. Any compensatory time off shall be at the rate of one and one-half times the hours of overtime worked." (App. at 330).

At the City of Kiowa Council meeting on December 11, 1989, it was "moved to pay Earl Priddy for four hours at regular pay for every weekend that he has been on call and will be on call until the new lineman, Pat Deaver, is trained." This motion was approved. Priddy testified in his deposition that in practice he was paid more than he was entitled to under this arrangement. (Aplt. App. 80-81; Plf. Dep. at 122-123).

In November 1989, Bloodworth resigned as city administrator for the City of Kiowa, and on January 1, 1990, Mike Mayberry ("Mayberry") became city administrator for the City

of Kiowa. Priddy stated that he did not discuss the topic of on-call time with Mayberry or anyone else with the city other than Bloodworth, as previously stated. (Id. at 74, 82; Plf. Dep. at 87, 138).

Priddy was the only person working for the City of Kiowa who could perform the substantial majority of the electrical work for the city. Throughout Priddy's employment as line superintendent, however, he had various apprentices working under his supervision.

Priddy testified in his deposition that he would leave home whenever he desired, relying on his wife or an answering machine to take potential calls. (Id. 72; Plf. Dep. at 65-66). There never was a time when Priddy wanted to leave town that he could not because he was on call. (Id. at 80, 185-186). When Priddy left home he would notify Mayberry at or the Alfalfa Electric Utility in Cherokee, Oklahoma. (Id. at 70, 167, 170-172).

During Priddy's employment with the City of Kiowa he occasionally received telephone calls when he was off duty requesting he return to work. This usually occurred only after storms or when there was a bad electrical connection. (Id. at 81; Plf. Dep. at 124). Priddy's testimony reveals that these call-backs were infrequent. He would go weeks and even months at a time without such a call-back. (Id. at 81, 203-290). If the need for a call-back did arise, sometimes Priddy did not have to respond because the city would call Priddy's apprentice or Alfalfa Electric. (Id. at 167; Mayberry Dep. at 26-27).

In June 1992, Priddy started his own business, Priddy Electric, while he was employed with the City of Kiowa. (Id. at 75; Plf. Dep. at 90-91). In operating Priddy

Electric he employed various workers, paid unemployment, FICA and sales taxes, and filed tax returns listing his income from this business. (Id. at 75, 88-151). Priddy continued to operate Priddy Electric until after he retired from his employment with the City of Kiowa. (Id. at 75; Plf. Dep. at 92). Priddy worked for Priddy Electric nights and on weekends but not during his regular work hours with the City of Kiowa. (Id. at 75-76; Plf. Dep. at 93-95). Priddy did a substantial amount of work through Priddy Electric for numerous other entities during the time he was working for the City of Kiowa. (Id. at 88-136, 152-161).

During his employment with the City of Kiowa, Priddy took numerous trips out of town, both in Kansas and out of state. The trips were to visit relatives, go shopping, or just get away for a few days. Trips out of state to Texas, Missouri, Colorado and California would last as long as one week. Priddy occasionally hunted and often went fishing. The Priddys regularly went to church and then out to eat after services. (Id. at 179-184). Priddy's time cards regarding his employment with the City of Kiowa reflect numerous days off, holidays, vacations, as well as sick leave and funeral leave. (Id. at 203-290).

Neither city administrators Bloodworth nor Mayberry ever informed Priddy he was to remain home by the telephone during off-duty hours. (Id. at 63, 166-167). No restrictions were placed on Priddy's personal activities during his off-duty time. (Id. at 63, 167). Priddy concedes that he was correctly paid for all overtime hours which he actually worked. (Id. at 360; Plf. Dep. at 5-6). Priddy retired from his employment with the City of Kiowa on April 1, 1994. (Tab 1, Pretrial Conference Order at 2).

**Discussion**

We review the district court's grant of summary judgment de novo and apply the same legal standard as the district court. See Wolf v. Prudential Insurance Company of America, 50 F.3d 793, 796 (10th Cir. 1995). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." We are to examine the factual record and reasonable inferences which may be drawn from it in the light most favorable to the nonmovant, the plaintiff. See Universal Money Centers, Inc. v. American Telephone & Telegraph Co., 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 513 U.S. 1052 (1994).

The case of Armour & Co. v. Wantock, 323 U.S. 126 (1944), sets down the test regarding employees' entitlement to compensation for on-call time. The test is whether the "time is spent predominantly for the employer's benefit or for the employee's." Armour, 323 U.S. at 133. The Armour test "requires consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on-call time, and all surrounding circumstances." Boehm v. Kansas City Power & Light Co., 868 F.2d 1182, 1185 (10th Cir. 1989). Even though an employee may be on call, the FLSA is not implicated unless the time is spent predominantly for the employer's benefit. See Gilligan v. City of Emporia, Kan., 986 F.2d 410, 413 (10th Cir. 1993) and Burnison v. Memorial Hosp., Inc., 820 F.Supp. 549, 553 (D.Kan. 1993).

The United States Department of Labor's applicable regulations regarding on-call time state in pertinent part: "[a]n employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while 'on call,'" and "[a]n employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call." 29 C.F.R. §785.17. Section 553.221 adopts the standards set forth in § 785.17, and further provides:

> "An employee who is not required to remain on the employer's premises but is merely required to leave word at home or with company officials where he or she may be reached is not working while on call. Time spent at home on call may or may not be compensable depending on whether the restrictions placed on the employee preclude using the time for personal pursuits. Where, for example, a firefighter has returned home after the shift, with the understanding that he or she is expected to return to work in the event of the emergency in the night, such time spent at home is normally not compensable. On the other hand, where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on call is compensable."

29 C.F.R. §553.221(d) (1997).

Herein, the uncontroverted evidence reveals Priddy spent his off-duty time predominantly in pursuit of his own personal benefit. Priddy was free to conduct his personal pursuits during off-duty time as no restrictions were placed on him by the City. (Aplt. App. at 63, 167). The City of Kiowa did not require Priddy to remain at the city building when off duty. Priddy was able to go hunting and fishing and had the benefit of

-7-

holidays, sick days, and funerals. He also engaged in the personal pursuits of going out to dinner, attending church, and working in his garden.

Further, there were no geographic restrictions on Priddy's movements when he was off duty. Priddy was able to go out of town on a regular basis and out of state occasionally. Priddy conceded there never was a time when he wanted to go out of town that he could not because he was on call. (Aplt. App. at 80, 185-186). When Priddy left home while on call he would simply notify either city administrator Mayberry or Alfalfa Electric Utility in Cherokee, Oklahoma.[2] (Aplt. App. at 70, 167, 170-172). Neither did the City of Kiowa's on-call policy state any response-time requirement. See, e.g., Renfro v. City of Emporia, Kansas, 948 F.2d 1529, 1536 (10th Cir. 1991). Priddy was called back infrequently and no discipline was imposed for failing to respond to a call-back.

There is no genuine issue of material fact with respect to Priddy's cause of action under the FLSA. The uncontroverted evidence is that Priddy spent his off-duty time predominantly for his own personal benefit. Thus, the trial court's order and judgment is affirmed for substantially the same reasons expressed in the Magistrate Judge's

---

[2]In the cases of Armitage v. City of Emporia, Kan., 982 F.2d 430, 432 (10th Cir. 1992), Norton v. Worthen Van Service, Inc., 839 F.2d 653, 655-56 (10th Cir. 1988), and Gilligan, 986 F.2d at 413, even though the employees had some geographical restrictions on their movements when off duty, such limitations did not render their on-call time compensable.

memorandum and order filed January 16, 1997.

                                        Entered for the Court

                                        Thomas R. Brett
                                        Senior United States District Judge