**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SUSAN KNAPP, an individual,

Plaintiff-Appellant,

v.

AMERICA WEST AIRLINES,
a Delaware corporation,

Defendant-Appellee.

No. 05-4322
(D.C. No. 2:01-CV-793-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN** and **BRORBY**, Circuit Judges, and **BROWN**,[**] District Judge.

Susan Knapp appeals the district court's grant of summary judgment to

America West Airlines on Mrs. Knapp's claims alleging violations of the Family

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

I.

Mrs. Knapp was a pilot for America West. In 1995, she and her husband noticed that their eldest son, born in 1986, displayed symptoms of fetal distress syndrome, including vision problems. In 1995, 1996, 1997, and 1998, Mrs. Knapp made periodic requests under the FMLA and America West's personal leave policy for leave to take her son to various health care providers and to provide at-home vision therapy.

In 1999, Mrs. Knapp began making more frequent FMLA leave requests to provide her son with more intensive treatment. In the fall of 1999, she requested intermittent leave for October 13, 14, and 15, October 28 and 29, and November 5, 6, 12, and 13. On October 12, America West granted leave for October 13-15. It later denied the other FMLA leave requests, as well as additional FMLA leave requests for February and July 2000. As it turned out, on November 5, 1999, Mrs. Knapp flew several scheduled flight legs, then called in sick because she could not continue due to her own medical condition. Thereafter, she was on medical leave as her condition did not permit her to fly. Ultimately, Mrs. Knapp left America West's employ in August 2000.

In 2001, Mrs. Knapp brought suit for violation of her FMLA leave rights for the denials of leave to care for her son. The district court held Mrs. Knapp

was not eligible for FMLA leave because she had not accrued at least 1,250 hours of service in the twelve months prior to the requested leave. *See* 29 U.S.C. § 2611(2)(A)(ii); 29 C.F.R. § 825.110(a)(2). Specifically, the court evaluated four categories of alleged working time: active-duty time, training time, layover time, and reserve-duty time. It held that active-duty and training time counted as hours worked, and assumed the same for layover hours, for a total of approximately 764 hours. It further held, though, that Mrs. Knapp's reserve-duty time did not count as hours of service. Without the reserve-duty time, Mrs. Knapp did not meet the 1,250-hour threshold, so the district court denied Mrs. Knapp's motion for partial summary judgment and granted summary judgment to America West. Mrs. Knapp appeals. We review a grant of summary judgment de novo. *Jones v. Denver Pub. Schs.*, 427 F.3d 1315, 1318 (10th Cir. 2005).

II.

The parties disagree on Mrs. Knapp's total hours of service in the twelve months preceding her leave requests, with America West claiming she should be credited with approximately 440 hours and Mrs. Knapp claiming she had over 1,900 hours. For purposes of this appeal, though, the determinative question is whether Mrs. Knapp's reserve duty time should be counted as hours of service.

"Whether an employee has worked the minimum 1,250 hours of service is determined according to the principles established under the Fair Labor Standards

Act (FLSA) for determining compensable hours of work." 29 C.F.R. § 825.110(c). Under the FLSA, "[w]hether waiting time is time worked under the Act depends on particular circumstances. . . . 'Facts may show that the employee was engaged to wait or they may show that he waited to be engaged.'" *Id.* § 785.14 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944)). The test is whether the time is spent predominantly for the employer's benefit or for the employee's. *Skidmore*, 323 U.S. at 138; *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944). Relevant factors include "consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on-call time, and all surrounding circumstances." *Boehm v. Kan. City Power & Light Co.*, 868 F.2d 1182, 1185 (10th Cir. 1989) (citing *Skidmore*, 323 U.S. at 137); *see also* 29 C.F.R. § 785.14. Where, as here, the employee is not required to remain on the employer's premises, the critical inquiry is whether the employee is able to use the time effectively for her own purposes. *Renfro v. City of Emporia*, 948 F.2d 1529, 1537 (10th Cir. 1991); 29 C.F.R. § 785.17.

Mrs. Knapp initially contends that this case is not appropriate for summary judgment because the question of how she spent her reserve time is a question of fact. While courts have indicated that "[w]hether and to what extent employees are able to use on-call time for personal activities is a question of fact," they have also stated, "whether limitations on the employees' personal activities while

-4-

on-call are such that on-call waiting time would be considered compensable overtime under the FLSA is a question of law which we review *de novo*." *Berry v. County of Sonoma*, 30 F.3d 1174, 1180 (9th Cir. 1994); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 808 (11th Cir. 1992) ("It is for the court to determine if a set of facts, if found by a fact finder, will give rise to liability under the FLSA while other sets of facts will not."). Here, it was Mrs. Knapp's burden to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). She could have produced additional evidence concerning the restrictions on her activities during reserve-duty hours, but instead her arguments generally focused on the factors discussed by the district court – the prohibition on drinking alcohol and the requirements to answer the telephone and to be able to report to the airport within one hour. We hold that summary judgment is not inappropriate on this record. *See also Renfro*, 948 F.2d at 1536 (in granting summary judgment, district court made no factual findings, but relied on undisputed facts); *Gilligan v. City of Emporia*, 986 F.2d 410, 413 (10th Cir. 1993) (affirming grant of summary judgment to employer).

Viewed in the light most favorable to Mrs. Knapp, the record shows that when Mrs. Knapp was on reserve, she could not drink alcohol, she had to be available by and answer the telephone, and she had to be able to report to the airport within one hour of being called. She could be at home (or apparently anywhere else she was reachable by telephone), so long as she could answer a call

and then report to the airport within one hour. The report requirement, however, necessarily entailed being able to dress in uniform, travel to the airport, park, and pass through security within one hour of a call. During her deposition, she testified that she could not drink alcohol, scuba dive, make or attend doctors' appointments, go on field trips with her children, or make appointments for her children. Aplt. App. at 207. On appeal, she contends that the restrictions effectively curtailed her personal pursuits: "throughout her 'reserve' duty assignments she had to be continually prepared to immediately drop everything, in order to accomplish all of the things [necessary to report] and still be able to report for duty within one hour." Aplt. Br. at 23. Thus, "[s]he could not go play nine holes of golf, she could not go to the movies, she could not do her weekly grocery shopping, she could not get her hair or nails done, she could not do anything that would preclude her from immediately dropping everything in order to meet the one-hour callout . . . ." *Id.*

In FLSA cases presenting similar, or even more restrictive, circumstances than in this case, this court has held that the employees' activities were not so curtailed as to require the on-call time to be considered compensable working time. *See Andrews v. Town of Skiatook*, 123 F.3d 1327, 1329-30, 1332 (10th Cir. 1997) (involving restrictions such as constant availability by pager, clean and appropriate dress, inability to drink alcohol, and ability to be in the ambulance responding to a call within five to ten minutes); *Gilligan*, 986 F.2d at 411, 413

(involving restrictions such as constant availability by pager, inability to drink alcohol, and ability to report within thirty minutes or one hour of a call); *Armitage v. City of Emporia*, 982 F.2d 430, 432-33 (10th Cir. 1992) (involving requirements that detectives on call remained sober, could be reached by beeper, and could report to duty within twenty minutes); *Norton v. Worthen Van Serv., Inc.*, 839 F.2d 653, 654-56 (10th Cir. 1988) (involving requirement that drivers be able to report to facility within twenty minutes).  This precedent indicates that Mrs. Knapp's reserve-duty time was not hours of service for purposes of determining FMLA eligibility.  The prominent exceptions are *Pabst v. Oklahoma Gas & Electric Co.*, 228 F.3d 1128, 1134-35 (10th Cir. 2000), and *Renfro*, 948 F.2d at 1535, in which this court found on-call time compensable.  The pivotal factor of those cases, however, was the frequency of callbacks.  *See Pabst*, 228 F.3d at 1134; *Renfro*, 948 F.2d at 1537-38.  The record does not show whether Mrs. Knapp received frequent calls during her reserve-duty periods, but she does not argue this issue.

Mrs. Knapp points to her employment contract, in which America West agreed to pay her a guaranteed minimum for reserve-duty time, and argues that because she actually was compensated for reserve-duty time, such hours must count as hours of service for FMLA purposes.  *See* 29 C.F.R. § 785.14 (providing that the agreements between the parties are relevant to determining whether waiting time is time worked under the FLSA).  Compensation is but one factor to

-7-

be considered, however, and it does not necessarily require on-call time to be considered hours worked. *See Armitage*, 982 F.2d at 431-33 (detectives on call were paid $30 per week plus overtime for time actually worked, yet the court held their on-call time was not compensable under the FLSA); *see also Paniagua v. City of Galveston*, 995 F.2d 1310, 1317 (5th Cir. 1993) (stating that the city's agreement to pay employee certain amount of overtime pay for standby time did not alter the court's conclusion that the time was not compensable under the FLSA). All the circumstances are to be considered, and as discussed above, here the circumstances indicate that Mrs. Knapp's reserve-duty time should not count as hours of service for FMLA eligibility.

Mrs. Knapp also relies on 29 C.F.R. § 825.110(d), which provides that having confirmed an employee's eligibility for FMLA leave, an employer may not retroactively claim that an employee was not FMLA-eligible. Several circuit courts, however, have invalidated § 825.110(d) as contradictory to the plain terms of the FMLA, as it awards FMLA leave to employees who do not statutorily qualify for FMLA protection. *See Woodford v. Commun. Action of Greene County, Inc.*, 268 F.3d 51, 56-57 (2d Cir. 2001); *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 797 (11th Cir. 2000); *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582-83 (7th Cir. 2000). We agree with these courts' criticisms of § 825.110(d), and thus we decline to apply it in this case.

III.

Mrs. Knapp's reserve-duty hours did not qualify as hours of service for purposes of determining her eligibility for FMLA leave, and thus the judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge