**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 28, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LARRY L. BARNES,

    Plaintiff - Appellant,

v.

OMNICELL,

    Defendant - Appellee.

No. 23-1336
(D.C. No. 1:21-CV-01702-PAB-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Larry L. Barnes, proceeding pro se,[1] appeals the district court's order denying

his motion for summary judgment and granting Omnicell's motion for summary

judgment.  According to Barnes, Omnicell owed him more than $2 million dollars in

unpaid wages because "he was on duty 24 hours per day, 7 days per week, but was

not paid for all the time that he worked in violation of federal and Colorado law."

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We afford Barnes's pro se filing a liberal construction, but we may not act as
his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

R., vol. III at 83 (internal quotation marks omitted). *See* 29 U.S.C. § 201 *et seq*., the Fair Labor Standards Act of 1938 (FLSA); Colo. Rev. Stat. § 8-4-101 *et seq*.[2] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## UNDISPUTED FACTS ON SUMMARY JUDGMENT

The magistrate judge found the following undisputed facts in his recommendation on the parties' respective motions for summary judgment.[3] The district court overruled Barnes's objections and adopted the undisputed facts for purposes of summary judgment.

Omnicell sells and maintains medication control devices, including (1) cabinets that store and dispense medications; (2) robots that fill prescriptions; and (3) packagers, sealers, and carousels that package, seal, store, and dispense medications.

In 2003, Barnes began working for Omnicell as a Technical Service Engineer (TSE). In 2018, he was promoted to Senior TSE—although his job duties did not change. His job responsibilities included providing troubleshooting, repair services, remote monitoring, and preventative maintenance for Omnicell products, including

---

[2] After granting summary judgment for Omnicell on Barnes's FLSA claim, the district court declined to exercise supplemental jurisdiction over the state-law claim and dismissed it. On appeal, Barnes does not challenge that decision.

[3] Omnicell objected to most of Barnes's purported undisputed facts in his motion for summary judgment as either unsupported by record evidence or dependent on exhibits that had not been properly authenticated. Omnicell also objected to more than 200 pages of exhibits attached to Barnes's response in opposition to its motion for summary judgment because they had not been properly authenticated or otherwise failed to raise a genuine issue of material fact.

providing repair services for vending-type machines that dispense medication and/or medical equipment.

Omnicell's contracts required it to have a TSE make initial contact with its customers—typically a hospital or healthcare provider—within one hour after receiving a request for service. For urgent service requests, a TSE was generally required to make an on-site visit within six hours of the problem being reported; however, the visit could be scheduled for several hours or even days later if the problem was not urgent, or parts or equipment needed to be ordered.

Barnes worked remotely from his home in Pine, Colorado, using a mobile telephone and laptop. His work territory included parts of Colorado, Kansas, Nebraska, and Wyoming, which were occasionally covered by other Omnicell employees and third-party contractors.

Barnes regularly reported that he worked at least eight hours a day, five days a week. While on duty, Barnes was free to spend his time as he wished between responding to calls; however, for the most part, he decided to sit at his desk waiting for the next call. He typically went to bed at 8:30 or 9:00 p.m. and would get up around 8:00 a.m. He slept with his mobile telephone next to him at night but received very few service requests overnight.

Omnicell paid Barnes for forty hours of work each week and time and one-half for all hours worked over forty. He was entitled to paid time off each year and regularly took three or more weeks of time off per year. Occasionally, he was contacted on a day off with service ticket requests, but when that happened, he was

3

paid for the entire day off—even though he would not be working the entire day—and given another day off in lieu of the interrupted day off.

When Barnes was not working his forty-hour work week, he was on call. Any work performed while he was on call came through and was required to be logged through a ticketing service. Barnes reported this time on his timecard so he could be paid for the additional hours. Barnes received no service tickets on at least half of the days he was on call. While on call, Barnes was free to spend his time as he wished so long as he could respond to mobile telephone calls within one hour of notification.

Although Barnes was required to monitor telephone notifications so he would be aware of any urgent service requests, he was required to monitor only those emails and texts that were accompanied by a service ticket. With one exception, Barnes was paid for all the on call-time time he reported on his timecard—including time spent taking calls that came to him directly—even though he failed to subsequently log them through the ticketing service.

## DISCUSSION

### *Unauthenticated Exhibits*

#### <u>*Background*</u>

Although several of Barnes's exhibits submitted in support of his motion for summary judgment and in opposition to Omnicell's motion included the statement "I declare under penalty of perjury that the foregoing is true and correct," *see, e.g.*, R., vol. II at 15, Omnicell argued that they could not be considered on summary

judgment because they were not properly authenticated.  The magistrate judge found that Barnes's statement was not sufficient to satisfy Fed. R. Evid. 901, and therefore, recommended that the exhibits not be considered on summary judgment.  Specifically, the magistrate judge noted that although Barnes "declares that the statements [in the exhibits] are correct," he failed to accompany the "exhibits with an affidavit that authenticates the documents."  R., vol. III at 29.  He also noted that "some documents appear to have been altered, some appear to be cut and pasted from other versions, and . . . not all [of the documents] were produced to [Omnicell] in the form presented.  Therefore, [Barnes] has not presented sufficient evidence to 'support a finding that the item is what the proponent claims it is.'" *Id*. (quoting Fed. R. Evid. 901(a)).

The district court agreed that the exhibits were not properly authenticated and could not be considered on summary judgment.  *See id*. at 85-89.  Further, citing Barnes's failure to identify which exhibits were allegedly produced in their original, unaltered form, the court overruled his objections because it "is under no obligation to read through Mr. Barnes' voluminous exhibits or to compare them to other documents to ascertain their authenticity and applicability to [his] motion for summary judgment."  *Id*. at 90.

### *Legal Framework*

At the summary judgment stage, "[w]e review a district court's decisions excluding evidence . . . for an abuse of discretion."  *Doe v. Univ. Of Denver*,

952 F.3d 1182, 1191 (10th Cir. 2020) (internal quotation marks omitted). "Under this standard, we will not disturb the district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id*. (internal quotation marks omitted).

"[W]e can consider only admissible evidence in reviewing an order granting summary judgment. While the party opposing summary judgment need not produce evidence in a *form* that would be admissible at trial, the content or substance of the evidence must be admissible." *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (emphasis added) (internal quotation marks omitted).

Fed. R. Evid. 901(a), which governs the authentication of documents, provides: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." As one example, this requirement is satisfied when a witness with knowledge testifies that an item is what its proponent claims it to be. *See* Rule 901(b)(1).

Further, when a "party fails to cite to the particular parts of the record that support a particular argument, the district court is under no obligation to parse through the record to find the uncited materials." *Doe*, 952 F.3d at 1191 (brackets and internal quotation marks omitted). *See also Cross v. Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) ("[I]t is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to

6

conduct its own search of the record." (ellipses and internal quotation marks omitted)); *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court [is] not obligated to comb the record in order to make [a party's] arguments for him.").

### *Analysis*

On appeal, Barnes argues that because "Fed. R. Civ. P. 56[(c)(4)] specifically includes declarations as competent evidence to support and oppose [summary judgment] motions," the district court erred in refusing to consider the exhibits. Aplt. Opening Br. at 4. He is mistaken. Rule 901—not Rule 56—governs whether a document is authentic. Here, the district court did not abuse its discretion in determining that the exhibits were not properly authenticated or declining to conduct its own search of the record to flesh out Barnes's arguments.

### *Joe Coyne's Affidavit*

#### *Background*

Joe Coyne was Barnes's former manager at Omnicell. Barnes contends that the district court erred in overruling his objection to Coyne's affidavit on the grounds that it "is so full of lies [that] there were not enough pages to refute them all," and the magistrate judge "cut and paste[d] the lies into his recommendation. R., vol. III at 90 (internal quotation marks omitted). In several instances, Barnes did not cite any evidence contradicting Coyne's affidavit, arguing instead that the court should review the record to ascertain the lies. *See, e.g., id*. at 48 ("The court has access to exhibits that prove this [lie].").

7

Relevant here, the district court found that although Barnes claimed that the magistrate judge incorporated "lies" into the recommendation, he failed "to identify the parts of the recommendation that contain the alleged lies," and therefore, the objection lacked specificity. *Id.* at 90-91. The court also noted that the objections were responsive to the affidavit—not to the magistrate judge's recommendation. Alternatively, the court determined that even if the objections were sufficiently specific, they lacked merit because Barnes "failed to address any of the factors that courts in the Tenth Circuit consider when determining whether an affidavit should not be considered because it is an attempt to raise sham facts to evade summary judgment." *Id.* at 91 n.5.

### *Legal Framework*

Under this court's firm-waiver rule, the failure to file timely, specific objections to the magistrate judge's report and recommendation waives appellate review of both factual and legal questions. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).[4] An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in

---

[4] The firm waiver rule does not apply "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted). Here, neither exception applies. The magistrate judge warned Barnes that he had 14 days to object and that if he failed to file objections within that time, appellate review might be disallowed. *See* R., vol. III at 44 n.7. As for the interests of justice, we consider "a *pro se* litigant's efforts to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1120. Barnes offers no explanation for failing to

dispute." *Id.* A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

### *Analysis*

Barnes's objections were not sufficiently specific to focus the district court's attention on the legal and factual issues because he failed to identify the parts of the recommendation that contained the alleged lies. Therefore, the argument is waived. But even if the objections were sufficiently specific, Barnes's reliance on Fed. R. Civ. P. 56(h) is unavailing. Rule 56(h) concerns the district court's authority to award reasonable expenses, including attorney's fees, where the party submitting an affidavit does so in bad faith or for purposes of delay—not whether an affidavit is a sham.

### *Undisputed Facts on the Parties' Motions for Summary Judgment*

### *Background*

Barnes also objected to numerous undisputed facts identified by the magistrate judge in his recommendation on summary judgment. In its order adopting the recommendation, the district court identified each fact Barnes had identified and overruled the objections on several grounds, including (1) they were waived when Barnes failed to raise them in response to Omnicell's motion for summary judgment;

---

identify any specific issues in his objections to Coyne's affidavit, and nothing suggests that the issues regarding that affidavit are so important as to warrant overlooking the waiver.

9

(2) they were unsupported or contradicted by record evidence; and/or (3) they were based on exhibits that had not been properly authenticated. *See* R., vol. III at 91-99.

### Legal Framework

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation and internal quotation marks omitted). One of these rules is Fed. R. App. P. 28(a)(8)(A), which provides that "[t]he appellant's brief must contain . . . the argument, which [in turn] must contain[] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

"When a pro se litigant fails to comply with [Rule 28], we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (brackets and internal quotation marks omitted). *See also Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (declining to consider an issue, in part, because appellant's position was not "even minimally supported by legal argument or authority"); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) "[P]erfunctory complaints [that] fail to frame and develop an issue [are not] sufficient to invoke appellate review.").

*Analysis*

We affirm the district court's disposition regarding the undisputed facts because Barnes fails to develop any reasoned argument of error on appeal. Although we make certain allowances for pro se litigants, "the court cannot take on the responsibility of serving as [the pro se party's] attorney in constructing arguments and searching the record." *See, e.g.*, *Garrett*, 425 F.3d at 840. Therefore, Barnes has waived appellate review. *See id.* at 841. In any event, we have independently reviewed the district court's order dated September 25, 2023, and affirm its disposition of each of the undisputed facts Barnes challenged for substantially the same reasons explained by the court.

## Summary Judgment on the FLSA Claim

### Background

In his response in opposition to Omnicell's motion for summary judgment, Barnes argued that under Tenth Circuit caselaw he was entitled to be paid for the time he was on call. The magistrate judge examined the relevant factors and determined that his argument failed, noting that "[e]ven the cases cited by [Barnes] do not support his motion. The Tenth Circuit has repeatedly held, in circumstances where the employee faced more limited requirements, that the employees' activities were not so curtailed as to require the on-call time to be considered compensable working time." R., vol. III at 41.

The district court overruled Barnes's objections. Applying the caselaw to the undisputed facts, it determined that Omnicell was entitled to summary judgment

11

on the FLSA claim and adopted the magistrate judge's recommendation.  *See id*.

at 100-106.

### *Legal Framework*

"We review the district court's grant of summary judgment de novo, applying

the same standard used by the district court."  *Riser v. QEP Energy*, 776 F.3d 1191,

1195 (10th Cir. 2015).  Summary judgment is appropriate where "the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a).  However, "[i]f a reasonable jury

could return a verdict for the nonmoving party, summary judgment is inappropriate."

*Riser*, 776 F.3d at 1195 (internal quotation marks omitted).  "[W]e view all evidence

and any reasonable inferences that might be drawn therefrom in the light most

favorable to the non-moving party."  *Id*. (brackets and internal quotation marks

omitted).

In ruling on a motion for summary judgment, the court does not weigh the

evidence, make credibility determinations, or draw inferences from the facts; rather,

it determines whether there is a genuine issue for trial.  *See Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The inquiry is "whether the evidence presents

a sufficient disagreement to require submission to a [fact finder] or whether it is so

one-sided that one party must prevail as a matter of law."  *Id*. at 251-52.

"Whether waiting time is time worked under the [FLSA] depends upon

particular circumstances."  29 C.F.R. § 785.14.  *See also Norton v. Worthen Van

Serv., Inc.*, 839 F.2d 653, 654 (10th Cir. 1988) ("Whether periods of waiting for work

should be compensable under the FLSA is to be determined by the facts and circumstances of each case.").  The test to determine whether on-call time is compensable "requires consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on-call time, and all surrounding circumstances." *Boehm v. Kansas City Power & Light Co.*, 868 F.2d 1182, 1185 (10th Cir. 1989).

Courts sometimes frame the ultimate question as "whether an employee is 'engaged to wait' or 'waiting to be engaged.'" *Pabst v. Okla. Gas & Elec. Co.*, 228 F.3d 1128, 1132 (10th Cir. 2000) (brackets omitted) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944)).  An employee is "engaged to wait" where "waiting is an integral part of the job." 29 C.F.R. § 785.15.  On the other hand, an employee is "waiting to be engaged" where he "is completely relieved from duty" and where the time period is "long enough to enable him to use the time effectively for his own purposes." 29 C.F.R. § 785.16(a).  Alternatively, courts ask whether the on-call time is spent "primarily for the benefit of the employer and his business." *Armour & Co. v. Wantock*, 323 U.S. 126, 132 (1944).  "[R]esolution of the matter involve[s] determining the degree to which the employee could engage in personal activity while subject to being called." *Norton*, 839 F.2d 655.

On-call time is compensable if the employee is required to remain on the employer's premises or if the employee's time away from the employer's premises is so restricted that it interferes with personal pursuits.  *See* 29 C.F.R. § 785.17 ("An employee who is required to remain on call on the employer's premises or so close

13

thereto that he cannot use the [on-call] time effectively for his own purposes is working while 'on call[.]'").

Other relevant factors include the frequency of callbacks and the nature of the employee's job. *See Renfro v. City of Emporia*, 948 F.2d 1529, 1537-38 (10th Cir. 1991). In *Renfro*, the court determined that the on-call time was compensable where the employer established such restrictive conditions on firefighters that the employer effectively controlled the firefighters' time, including the requirement that they "were required to report to a callback within twenty minutes, and to answer each callback or be subject to discipline (they were subject to discipline also if they were late to a callback); and they were not compensated for any of the waiting time." *Id*. at 1537. Further, "[t]he on-call shifts were 24 hours in length and the average number of callbacks was 3-5 times per 24-hour period." *Id*. As to the nature of employment, the court found it significant that the firefighters "must be alert and ready to protect the community, and the time firefighters spend lying in wait for emergencies could be considered a benefit to the employer and thus compensable under FLSA." *Id*.

### *Analysis*

Because the record taken as a whole could not lead a rational trier of fact to find for Barnes—the non-moving party—there is no genuine issue for trial and summary judgment in favor of Omnicell was proper. *See Anderson*, 477 U.S. at 248.

First, Barnes was "waiting to be engaged" because he could engage in personal activities while waiting to being called for work. *See* 29 C.F.R. § 785.16(a); *Norton*, 839 F.2d 655.

14

Second, Barnes was not required to remain on or near Omnicell's premises. *See* 29 C.F.R. § 785.17.

Third, the frequency of calls was not unduly restrictive. For example, in *Renfro*, the firefighters were required to report to the station within twenty minutes of being called back, were called as many as thirteen times in one shift, and averaged three to five callbacks per on-call shift. By contrast, Barnes was able to use the time effectively for his own purpose because the calls were infrequent, and he had ample time to respond. Specifically, Barnes had an hour to respond to a service request and up to six hours to report to urgent calls. Moreover, the response time was negotiable, he received no service tickets on at least half of the days he was on call, and he was never disciplined for failing to meet the response time requirement.

Fourth, Barnes's job did not require the same readiness as a firefighter, who is required to respond immediately to emergencies that often involve dangerous conditions. By contrast, for the most part Barnes's job involved troubleshooting over the telephone and occasional on-site visits to service equipment.

The facts in this case are closest to those in *Gilligan v. City of Emporia*, 986 F.2d 410 (10th Cir. 1993). In *Gilligan*, we affirmed summary judgment in favor of the city on its water and sewer employees' claims for overtime under FLSA for mandatory on-call hours. Even though the employees' activities may have been somewhat restricted while on call, the restrictions "were not so prohibitive that it [could] be said that their on-call time [was] spent predominately for the employer's benefit." *Id*. at 413. Rather, the workers "were free to pursue personal activities

15

with little interference while waiting to be called" and with only minimal restrictions.
*See id*.

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge