Lyle G. ARMITAGE, Jr., et al., Plaintiffs–Appellees,

v.

CITY OF EMPORIA, KANSAS, Defendant–Appellant.

No. 92–3032.

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1992.

Rehearing Denied Jan. 25, 1993.

Stanley E. Craven, Spencer Fane Britt & Browne, Kansas City, MO (Dale W. Bell, Helbert, Bell & Smith, Emporia, KS, with him on the brief) for defendant-appellant.

W. Irving Shaw, Emporia, KS, for plaintiffs-appellees.

Before BALDOCK and KELLY, Circuit Judges and BRATTON, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant City of Emporia, Kansas appeals the district court's award of backpay to city police detectives for lunch periods and time spent on call. On appeal, defendant argues that the district court erred by: (1) determining that lunch periods constitute compensable working time; (2) determining that time spent "on call" constitutes compensable working time; and (3) improperly calculating the amount of backpay owed to plaintiffs. Our jurisdiction arises under 28 U.S.C. § 1291. We reverse on the first two issues, and therefore need not address the third.

## BACKGROUND

In 1987 the city implemented a flextime policy which allowed detectives to schedule their own eight hour work shift. Detectives were required to take a lunch break of at least one-half hour, for which they were not paid. The break could not be the first or last half hour of the shift. Detectives were allowed to eat where they chose, including at home. They were paid for the time going to and coming from lunch, and were required to notify dispatch of their location in case they were needed. They were not allowed to consume alcohol during lunch. They were required to respond to questions from the public if approached during lunch. When detectives were called back to duty during lunch, they were paid at the overtime rate.

The detectives also rotated standby duty and each detective was on call one week out of six. The standby detective was paid $30 per week, plus overtime for the time actually worked. The standby detective was provided with a pager so he did not have to remain near a phone, although he was required to stay in the vicinity in order to call in within ten minutes of being paged, and report to the station within twenty minutes if necessary. The detectives were called back, on average, less than two times per week of on call duty.

The detectives brought suit for backpay under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201. Following a bench trial, the district court awarded backpay for plaintiffs' lunch periods and time spent on call.

## DISCUSSION

We review the district court's findings of fact under the clearly erroneous standard; conclusions of law we review *de novo*. *See Uselton v. Commercial Lovelace Motor Freight, Inc.*, 940 F.2d 564, 572 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 589, 116 L.Ed.2d 614 (1991).

### I. The Lunch Period Issue

▉ Relying on two prior district court decisions, the district court held that the detectives should be compensated for their lunch periods because they "were not completely relieved of duty." *Wahl v. City of Wichita, Kansas*, 725 F.Supp. 1133 (D.Kan. 1989); *Nixon v. City of Junction, Kansas*, 707 F.Supp. 473 (D.Kan.1988). However, we recently decided *Lamon v. City of Shawnee*, 972 F.2d 1145 (10th Cir.1992) which sets forth the correct standard and requires a different outcome under these facts.

† The Honorable Howard C. Bratton, Senior United States District Judge for the District of New Mexico, sitting by designation.

In *Lamon,* the city police officers were also on a flextime schedule and were required to check out when taking their lunch break and provide a location and phone number where they could be reached. An officer's half hour lunch began when the officer arrived at a lunch location and checked out with the dispatcher. The officers could not conduct personal errands during lunch, and were required to respond to citizen inquiries and act in a professional manner. We held that the proper standard for determining compensability of a meal period is whether the officer is "primarily ... engaged in work-related duties during meal periods." *Id.* at 1157. "That a police officer is on-call and has some limited responsibilities during meal periods does not perforce mean the officer is working." *Id.* (citing *Lee v. Coahoma County, Mississippi,* 937 F.2d 220, 225 (5th Cir.1991)). In the instant case the district court erred by applying the wrong standard for compensability of meal periods. The facts as found by the district court indicate that the detectives were not primarily engaged in work-related duties during meal periods. We reverse the award of backpay for meal periods.

## II. The "On Call" Issue

In determining whether time spent on-call should be compensable under the FLSA we look to the facts and circumstances of each case. *Norton v. Worthen Van Service, Inc.,* 839 F.2d 653, 654 (10th Cir.1988). The district court relied on *Renfro v. City of Emporia,* 948 F.2d 1529 (10th Cir.1991) *cert. dismissed,* —— U.S. ——, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992) in awarding compensation to detectives for standby status. *Renfro* involved firefighters who, while on call, were required to be at the station within twenty minutes, fully dressed in protective gear. They received on average three to five calls per day. We held that the district court did not err in granting the firefighters' motion for summary judgment, because the firefighters could not use on call time for personal pursuits or other employment due to the quick response time and frequency of calls per day. The instant case is distinguish-

able from *Renfro* because of differences in the nature of the duties and frequency of the calls.

On call time is compensable if the on call requirements are so restrictive that they interfere with employees' personal pursuits. *Renfro,* 948 F.2d at 1537 (citing 29 C.F.R. § 553.221(d)). However, an employee who is "merely required to leave word at his home or with company officials where he may be reached is not working while on call." *Norton,* 839 F.2d at 655 n. 3 (quoting 29 C.F.R. § 785.17 (1985)). In both *Norton* and *Boehm v. Kansas City Power and Light Co.,* 868 F.2d 1182 (10th Cir.1989), we held that the FLSA did not require compensation for on-call time where the employees were allowed to leave the employer's premises and were able to pursue personal activities, even though the activities were somewhat restricted because they had to be accessible by pager.

On similar facts, the Eleventh Circuit recently held that detectives' on call time was not compensable. *Birdwell v. City of Gadsden, Alabama,* 970 F.2d 802 (11th Cir. 1992). The *Birdwell* court distinguished *Renfro,* reasoning that firefighters, as opposed to detectives, spent their on call time predominantly for the benefit of the employer because the firefighters could expect several emergency calls per day. *Id.* at 809–10.

In the instant case, the detectives were allowed to do as they pleased while on call, as long as they remained sober, could be reached by beeper and were able to report to duty within twenty minutes of responding to the page. They were called in on average less than two times per week, as opposed to the twenty to thirty times per week for the firefighters in *Renfro.* The firefighters were required to report within twenty minutes of a call, in full gear, and subject to discipline if late. *Renfro,* 948 F.2d at 1537. Furthermore, the detectives were called in to investigate crimes which had been committed, as opposed to responding to emergencies in progress. The firefighters were "lying in wait for emergencies [which was] a benefit

to the employer and thus compensable under FLSA." *Id.* at 1538 (distinguishing *Norton* and *Boehm,* where the employees were not waiting to respond to emergencies). Although the detectives' services are certainly beneficial to the public, to require compensation under these facts would require that all on call employees be paid for standby time. This would be a major change in the law of the FLSA. *See Martin v. Ohio Turnpike Comm'n,* 968 F.2d 606 (6th Cir.1992) (no compensation for standby time of highway department employees) *pet. for cert. filed,* 61 U.S.L.W. 3403 (1992); *Owens v. Local No. 169, Ass'n of W. Pulp and Paper Workers,* 971 F.2d 347 (9th Cir.1992) (no compensation for standby time of mechanics); *Bright v. Houston N.W. Med. Ctr. Survivor, Inc.,* 934 F.2d 671 (5th Cir.1991) (no compensation for standby time of medical technician) *cert. denied,* — U.S. —, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992). As such, we also reverse the award of back pay for time spent on call.

The judgment of the district court is REVERSED and the case is REMANDED with instructions to enter judgment for the city.