12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert WELLMAN, Plaintiff-Appellant,
v.
MCI TELECOMMUNICATIONS CORPORATION, Defendant-Appellee.
 No. 92-35051.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Nov. 18, 1993.
 
 Before: GOODWIN, SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Wellman appeals from the grant of summary judgment in favor of MCI Telecommunications Corp. ("MCI") in his suit for damages under the Fair Labor Standards Act ("FLSA"). We affirm.
 
 
 3
 Wellman was, at all material times in this case, a senior field engineer for MCI, an international telecommunications network. He was not a member of a collective bargaining unit, and he was employed on an individual contract. The contract required Wellman to carry a pager, sometimes called a "beeper" and remain subject to 24-hour-call in the event of emergencies or system outages over his service area. Wellman did not receive additional compensation for being on-call, or for wearing a pager, unless he was called in to work. When called in, he received compensation for all work time, including travel. He could request time off from on-call status by asking for time "out of pocket," which is time when an engineer is not subject to call.
 
 
 4
 During the last three months of 1987, Wellman was called in by MCI 13 times; in 1988, 41 times; in 1989, 16 times; and in 1990, 10 times. Additionally, Wellman was required to answer frequent telephone calls to respond to questions from MCI staff seeking information; these calls could last from five minutes to several hours, depending on the situation. If he took substantial time away from his free time to answer these calls, he was entitled to send in a voucher for overtime pay. Wellman alleged that MCI's on-call policy substantially interfered with the use of his off-duty time, and thus, that he was entitled to overtime compensation under FLSA.
 
 
 5
 The district court granted MCI's motion for summary judgment on the merits of the FLSA claim. The court explained that while Wellman had shown that "he is somewhat restricted while on call, and that his job is to a certain extent undesirable, [ ] he has not shown sufficient facts to demonstrate that his on-call time is controlled by MCI [ ] or that he is unable to use that time effectively for his own purposes." Wellman v. MCI, No. C90-5536B, 1991 WL 329562, at * 3, 1991 U.S.Dist. LEXIS 20225, at * 8 (W.D.Wash. Dec. 5, 1991).
 
 
 6
 Viewing the evidence in the light most favorable to the non-moving party, this court determines whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 629-30 (9th Cir.1987).
 
 
 7
 The FLSA, 29 U.S.C. Sec. 207(a)(1), requires that employers pay their employees overtime for additional hours worked over forty hours per week. The Supreme Court has held that time spent on-call, waiting for work, is compensable if the waiting time is spent "primarily for the benefit of the employer and his business." Armour & Co. v. Wantock, 323 U.S. 126, 132 (1944) (citation omitted). There is no "legal formula" to answer the question of when an employee's waiting time is compensable under the Act; the issue "is a question of fact to be resolved by appropriate findings of the trial court." Skidmore v. Swift & Co., 323 U.S. 134, 136-37 (1944). The facts may show that the employee was "engaged to wait," which is compensable, or they may show that the employee "waited to be engaged," which is not compensable. Id. at 137.
 
 
 8
 Wellman contends that summary judgment is improper in on-call cases because they are so fact-dependent and factually varied. However, the Ninth Circuit has rejected this argument in Owens v. Local No. 169, 971 F.2d 347, 356 (9th Cir.1992), a case decided after this appeal was filed. In Owens, the court said the standard for evaluating a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 356 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986)). In Owens, the court decided that the evidence in that case was "so one-sided that [the employer] must prevail as a matter of law." Id. (holding that employees who received call-ins an average of six times a year and who were not obligated to accept all callbacks did not state a claim for overtime compensation under FLSA).
 
 
 9
 Although the Owens case was published after the district court decided the case before us, it controls the decision here. Owens is consistent with cases from other circuits examining the question of whether there are sufficient material facts in dispute to justify a trial.
 
 
 10
 Here, the district court noted that it would treat Wellman's factual allegations as true, but held, on the basis of similar cases, that his agreement to respond to electronic paging was not so oppressive as to place him within the overtime pay provisions of the FLSA. Additional cases decided since the district court's ruling lend further support for the court's conclusion. See Gilligan v. City of Emporia, Kan., 986 F.2d 410, 411 (10th Cir.1993) (granting summary judgment for employer where employee had 30 minutes to respond to a page and was required to stay within pager range at all times); Armitage v. City of Emporia, Kan., 982 F.2d 430, 431 (10th Cir.1992) (ordering judgment for the employer where police detectives must respond to a page within 10 minutes and report to the station within 20 minutes); McIntyre v. Division of Youth Rehabilitation Servs., 795 F.Supp. 668 (D.Del.1992) (granting summary judgment for employer in case where employee must remain within 30 miles of his workplace to stay in range of beeper).
 
 
 11
 While Wellman did not provide direct evidence on the frequency of calls he received from MCI while on-call, even based on his estimates, the numbers of calls were less than, or similar to, cases in which the courts have held against plaintiffs. See Bright v. Houston Northwest Medical Ctr., 934 F.2d 671 (5th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 882 (1992) (employee called in to work an average of four to five times a week, including weekends, did not state a claim for overtime compensation under FLSA); Armitage, 982 F.2d at 431 (plaintiffs received call-ins less than two times per week on average).
 
 
 12
 We have concluded that the district court correctly appraised the allegations of Wellman's claim, and accepting them as true, we find no basis for FLSA damages.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3