54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerry STANFORD, Plaintiff-Appellant,
v.
CITY OF NEWTON, KANSAS, Defendant-Appellee.
 No. 94-3135.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Gerry Stanford appeals from a judgment entered for the defendant City of Newton following a bench trial of his civil rights action under 42 U.S.C. Sec. 1983. Mr. Stanford was fired from the city police force for insubordination, specifically, his refusal to assume supervisory responsibility when the sergeant in charge of the September 2, 1990 midnight shift became ill and ordered him to take over. The district court rejected Mr. Stanford's claim that the city failed to provide him with constitutionally adequate pretermination process in connection with his discharge. We review the district court's factual findings for clear error and its legal conclusions de novo, Armitage v. City of Emporia, 982 F.2d 430, 431 (10th Cir. 1992), and affirm for substantially the reasons stated in the court's oral findings incorporated into its order of dismissal.
 
 
 3
 On appeal, Mr. Stanford focuses his due process objection on the sufficiency of the notice afforded him regarding his pretermination hearing.[1] In this regard, it is well established that a tenured public employee is entitled to "notice of the charges against him [and] an explanation of the employer's evidence." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Further, we have held that implicit in this notice element "is the requirement that the employee be made aware that his employment is in jeopardy of termination." Calhoun v. Gaines, 982 F.2d 1470, 1476 (10th Cir. 1992).
 
 
 4
 The constitutional sufficiency of a particular communication of notice is not assessed in a vacuum. The purpose of the notice requirement is fundamentally practical--"to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing."' Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14 (1978). Accordingly, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 13 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (emphasis added)). The significance of the communicative context, in turn, impacts the nature of our appellate review, for while due process issues ultimately call for legal conclusions subject to de novo review, see Facet Enters. v. NLRB, 907 F.2d 963, 970 (10th Cir. 1990), the surrounding factual circumstances framing such issues may be established by findings entitled to deference absent clear error, see, e.g., United States v. Sanchez, 24 F.3d 1259, 1262 (10th Cir.), cert. denied, 115 S. Ct. 526 (1994); United States v. Lux, 905 F.2d 1379, 1382 (10th Cir. 1990).
 
 
 5
 That is the case here, where the adequacy of plaintiff's pretermination notice turns as much on its factual context--specifically, plaintiff's preexisting awareness of both his challenged conduct and his tenuous position with the department--as on its particular content. The district court found the following pertinent facts:
 
 
 6
 [R]ightly or wrongly the chief [Newton police chief Ron Jackson] was not pleased with the plaintiff, and his views as to the plaintiff [were] clear. The evidence is that [following plaintiff's earlier demotion for his involvement in petty theft from a department vending machine,] the chief ... directly informed the plaintiff that he would terminate him if he experienced any further problems with him .... On notice of the September 2, 1990 incident, the chief had concluded that it was likely that the plaintiff had been insubordinate and the time had come to discharge him.... At the meeting with the plaintiff [two days later], ... it's clear to me that the plaintiff was ever sensitive that he had been previously warned, and when the chief asked him for his written statement [explaining his refusal to take command of the September 2 midnight shift], the plaintiff inquired of him if there was a problem and the chief replied yes.... [T]he event had transpired, [and] the plaintiff was aware of it. It's clear to me that he had been given an order and had declined it, and he knew that he was in trouble, and then he was provided an opportunity to provide his version in writing, and he did. The plaintiff's written statement recites his reasons, that he believed to accept a supervisory role would violate the city manager's admonition [i.e., an extant moratorium on promotion of officers involved in the vending machine theft] and that he had declined to take the role for that reason. I say that had some significance as well as it would confirm to me that the officer was aware that he had been given an order and he had declined it.
 
 
 7
 ....
 
 
 8
 ... Here the plaintiff [was] confronted and ... given the opportunity to explain himself .... He was aware of the gravity of the situation. He knew the chief had warned him. He knew that there was an issue as to whether he had violated an order or was insubordinate. He certainly was aware of the chief's concern. He was asked to provide a written version of the events arising from his shift change on September 2, and he complied.
 
 
 9
 App. of Appellant at 32-33, 34.
 
 
 10
 Upon review of the record, we conclude that these findings are "permissible in light of the evidence," and, hence, must be accepted as accurately reflecting the operative facts. Exxon Corp. v. Gann, 21 F.3d 1002, 1005 (10th Cir. 1994). They establish that, however brief and informal, plaintiff's meeting with chief Jackson prior to his termination put him on adequate notice of the nature, factual basis, and potential consequences of his alleged misconduct. Cf. Powell v. Mikulecky, 891 F.2d 1454, 1455, 1459 (10th Cir. 1989) (holding that fire fighter received sufficient pretermination notice under the circumstances when fire chief orally inquired whether he had urged fire chiefs from neighboring cities not to sign mutual aid agreement). His written response not only evidenced this awareness, as the district court properly noted, see, e.g., Johnson v. Orr, 776 F.2d 75, 80 (3d Cir. 1985), but, more importantly, it constituted an informed defense of his conduct, demonstrating that the fundamental purpose, and not just the letter, of the constitution was served here.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Plaintiff's six-page brief is accurately summarized in the sole argument heading: "It is impossible to extend due process rights to a person who has not been told what charges have been lodged that may result in the loss of a constitutionally protected right." Brief of Appellant at 4. Although at one point he states that "[t]he important inquiry here involves the sufficiency of the 'opportunity to respond' [to the charge of misconduct]," id. at 5, it is clear from the context of this remark that plaintiff is concerned with his alleged inability to respond due to inadequate notice of the charge. We also note Mr. Stanford has not brought the issue of post-termination procedures into the case