OPINION OF THE COURT
SLOVITER, Circuit Judge.
This putative class action was initiated by Sandra Babcock, a corrections officer at the Butler County Prison in Butler, Pennsylvania. Babcock claims that Butler County failed to properly compensate her and those similarly situated for overtime in violation of the Fair Labor Standards Act (“FLSA”), 29 U.S.C. .§§ 201-209 et seq. The FLSA requires an employee who works “a workweek longer than forty hours” to be paid at least one and one-half times the employee’s regular rate for the work performed over forty hours. 29 U.S.C. § 207(a)(1).
This appeal raises the issue of whether a portion of time for the Butler County Prison corrections officers’ meal periods is compensable under the FLSA.[1] There is no provision of the FLSA that directly addresses this issue. Two tests have been suggested by other courts of appeal: one looks to whether the employee has been relieved from all duties during the mealtime; the other, more generally adopted, looks to the party to which the “predominant benefit” of the mealtime belongs. The District Court noted that this Circuit has not yet established a test to determine whether a meal period is compensable under the FLSA. For the reasons set forth below, this Court will adopt the predominant benefit test and affirm the District Court.
I.
Many of the relevant facts are not disputed. A collective bargaining agreement (“CBA”) between Butler County and the employees who work at the Butler County Prison provides that corrections officers work eight and one-quarter hour shifts that include a one hour meal period, of which forty-five minutes are paid and fifteen minutes are unpaid.[2] It is the lack of compensation for that fifteen minutes that is the subject of this action. During the meal period, the corrections officers may not leave the prison without permission from the warden or deputy warden, and they must remain in uniform, in close proximity to emergency response equipment, and on call to respond to emergencies. Plaintiffs claim that as a result of this meal period policy, the officers cannot run personal errands, sleep, breathe fresh air, or smoke cigarettes during mealtime, and if an emergency or unexpected situation arises, the officers must respond immediately in person, in uniform, and with appropriate response equipment. Plaintiffs allege that because of these restrictions, they should be compensated for the full hour.
Butler County filed a motion to dismiss under Federal Rule of Civil Procedure *156 12(b)(6), arguing that the corrections officers’ meal periods were not compensable work because the officers received the “predominant benefit” of the meal period.[3] The District Court agreed and dismissed the complaint. Plaintiffs do not dispute the appropriateness of applying the predominant benefit test. Rather, they argue that their pleadings establish a plausible claim for relief under either the predominant benefit test or the relieved from all duties test.
II.
The predominant benefit tests asks “whether the officer is primarily engaged in work-related duties during meal periods.” [4] The majority of the courts of appeals have adopted this test. See, e.g., Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 61 (2d Cir.1997); Roy v. Cty. of Lexington, 141 F.3d 533, 544-45 (4th Cir.1998); Bernard v. IBP, Inc. of Neb., 154 F.3d 259, 264-65 (5th Cir.1998); Hill v. United States, 751 F.2d 810, 814 (6th Cir.1984); Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir.1993); Henson v. Pulaski Cty. Sheriff Dep’t, 6 F.3d 531, 534 (8th Cir.1993); Armitage v. City of Emporia, 982 F.2d 430, 432 (10th Cir.1992); Avery v. City of Talladega, 24 F.3d 1337, 1347 (11th Cir.1994). Plaintiffs cite only two cases that purportedly apply the relieved from all duties test: Kohlheim v. Glynn County[5] and Busk v. Integrity Staffing Solutions, Inc.[6] The court in neither case, however, actually applied that test. Instead, the Eleventh Circuit in Kohlheim applied its version of the predominant benefit test. 915 F.2d at 1477 (“The firefighters are subject to real limitations on their freedom during mealtime which inure to the benefit of the county; accordingly, the three mealtime periods are compensable under FLSA regulations for overtime purposes.”). In Busk, the Ninth Circuit identified the two tests but explained that “[t]he distinction between the ‘completely relieved from duty’ and ‘predominant benefit’ standards d[id] not matter for th[at] case, which turn[ed] on whether the activities at issue [we]re com-pensable ‘work.’ ” 713 F.3d at 531 n. 4. The Supreme Court reversed the Ninth Circuit’s decision in Busk and focused the analysis on “work” as defined by the Portal-to-Portal Act. 135 S.Ct. 513. In any event, the predominant benefit test is uncontroversial in the case before us — neither party disputes that it is the appropriate standard. Accordingly, we join our sister Circuits in adopting the predominant benefit test.
Courts have generally eschewed a literal reading of a Department of Labor regulation that provides that during a “bona fide meal period”
[t]he employee must be completely relieved from duty for the purposes of eating regular meals.... The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at *157 his desk or a factory worker who is required to be at his machine is working while eating.
29 C.F.R. § 785.19(a).[7] Instead, courts have assessed the totality of the circumstances to determine, on a case-by-case basis, to whom the benefit of the meal period inures. Most courts derive this approach from Supreme Court precedent holding that “[wjhether time is spent predominantly for the employer’s benefit or for the employee’s is a question dependent upon all the circumstances of the case.” Armour & Co. v. Wantock, 323 U.S. 126, 133, 65 S.Ct. 165, 89 L.Ed. 118 (1944), superseded on other grounds, Portal-to-Portal Act of 1947, Pub.L. No. 8049, 61 Stat. 84, codified at 29 U.S.C. §§ 251-262.
Thus, the predominant benefit test is necessarily a fact-intensive inquiry. For some courts, whether the employee is free to leave the premises is of particular importance. Others emphasize the number of interruptions to which the employees are subject. As the Eleventh Circuit has stated, “the essential consideration in determining whether a meal period is a bona fide meal period or a compensable rest period is whether the employees are in fact relieved from work for the purpose of eating a regularly scheduled meal.” Kohlheim, 915 F.2d at 1477.
Here, although Plaintiffs face a number of restrictions during their meal period, the District Court correctly found that, on balance, these restrictions did not predominantly benefit the employer. In comparison to the cadre of- case law addressing mealtime compensability in the law enforcement context, the allegations in Plaintiffs’ complaint do not suffice. For example, the corrections officers here could request authorization to leave the prison for their meal period and could eat lunch away from their desks. In Alexander v. City of Chicago, in contrast, police officers were required to receive permission to take a meal period and were not permitted to read “nondepartmental publications.” [8]
Another factor to consider is the existence of the CBA. We find helpful the decision of the Seventh Circuit in Leahy v. City of Chicago, a case initiated by Chicago police officers seeking overtime pay.[9] The Seventh Circuit, like in the case before us, had before it a CBA between the employees and the employer. In that case, the City of Chicago faced an action brought by Chicago police officers seeking overtime pay. In affirming the district court, the Seventh Circuit held, that the CBA sufficiently protected the officers’ right to overtime compensation. In this case, although the CBA is silent on the compensability of the fifteen-minute period, it provides corrections officers with the benefit of a partially-compensated mealtime and mandatory overtime pay if the mealtime is interrupted by work. As the Seventh Circuit stated, “[t]he FLSA requires no more.”[10] The CBA, then, assumes “that generally an officer is not working during a meal period, but provides for appropriate compensation when *158 an officer actually does work during the meal.”[11]
The Dissent argues that we have “disregarded] Supreme Court precedent,” inappropriately focused on a “red herring” (the CBA), and relied upon a “factually inappo-site and legally outdated” case in our “misguided approach” to this case. Dissenting Op. at 159,161-62. In reality, our approach is consistent with the weight of precedent, considers the CBA as one relevant— though not dispositive — factor, and merely comes to a different conclusion regarding the predominant benefit of the corrections officers’ uninterrupted mealtime period under the totality of the circumstances. Although we find the Seventh Circuit’s analysis in Leahy useful for comparison, the Dissent is correct that the instant case is distinguishable, which is why, unlike the Leahy court, we do not hold that “the [collective bargaining] agreement is a defense to liability under the FLSA.” Leahy, 96 F.3d at 232 (emphasis added). Nor have we “conflate[d] contractual rights with statutory ones.” Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 52 n. 9 (1st Cir.2013). Rather, we consider the agreed-upon characterization of the fifteen-minute unpaid meal break as a factor in analyzing to whom the predominant benefit of the period inures.
We have been advised at argument that the CBA is soon to expire. During the collective bargaining for the new contract, the parties will have a fresh opportunity to consider the issue of compensation for the fifteen minutes at issue in this case. It has been noted by the Supreme Court that employers and employees may make “reasonable provisions of contract or custom governing the computation of work hours where precisely accurate computation is difficult or impossible.” Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 603, 64 S.Ct. 698, 88 L.Ed. 949 (1944), superseded by statute on other grounds, Portal-to-Portal Act of 1947, Pub.L. No. 80-49, 61 Stat. 84, codified at 29 U.S.C. §§ 251-262.
Although the District Court decided this case on the pleadings, there has been, unlike in Alexander, “sufficient development of the facts to enable a capable application of the appropriate predominant benefit standard, including a determination of whether the officers are unable to pass the mealtime comfortably because their time or attention is devoted primarily to official responsibilities.” 994 F.2d at 339. Here, even accepting all of Plaintiffs’ allegations as true, we do not find that the officers were “primarily engaged in work-related duties” during the daily, agreed-upon fifteen minutes of uninterrupted mealtime. Armitage, 982 F.2d at 432 (citing Lamon v. City of Shawnee, 972 F.2d 1145, 1157 (10th Cir.1992)). As a result, we find that they receive the predominant benefit of the time in question and are not entitled to compensation for it under the FLSA.
For the foregoing reasons, we hold that Plaintiffs’ claims under the predominant benefit test fail to state a claim upon which relief can be granted. We will accordingly affirm the District Court’s order granting Butler County’s motion to dismiss.

. There is a special provision in the FLSA that covers employees engaged in fire protection or law enforcement activities, 29 U.S.C. § 207(k), but none of the parties to this case has suggested it has any applicability here.

. Plaintiffs produced the CBA in this case and made it part of the record. Accordingly, the CBA was appropriately considered on the Rule 12(b)(6) motion below, and is appropriately considered on this appeal. See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

.A Rule 12(b)(6) "motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations 'could not raise a claim of entitlement to relief.’ ” Simon v. FIA Card Servs., N.A., 732 F.3d 259, 264 (3d Cir.2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

. Armitage v. City of Emporia, 982 F.2d 430, 432 (10th Cir.1992) (internal quotation and citation omitted).

. 915 F.2d 1473 (11th Cir.1990).

. 713 F.3d 525 (9th Cir.2013), rev’d,-U.S. -, 135 S.Ct. 513, 190 L.Ed.2d 410 (2014).

.In evaluating the effect of these regulations, it is significant to keep in mind that the Supreme Court has commented that interpretive regulations issued by the Secretary of the Department of Labor under the FLSA do not have the force of law; the regulations "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.” Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944).

. 994 F.2d at 335.

. 96 F.3d 228 (7th Cir.1996).

. Id. at 232 (citing Alexander, 994 F.2d at 345 (Bauer, C.J., dissenting)).

. Id.